FILED
May 13 2 43 PM '99

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CADWELL, et al., | CIV F- 98-6451 DLB |
| Plaintiffs, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Deadline: January 28, 2000 |
| CITY OF CERES, et al., | Non-Dispositive Motion Deadline:<br>Filing: January 7, 2000<br>Hearing: January 28, 2000 |
| Defendants. | Dispositive Motion Deadline:<br>Filing: January 19, 2000<br>Hearing: February 18, 2000 |
| | Settlement Conference Date:<br>September 21, 1999 at 1:30 p.m. |
| | Pre-Trial Conference Date:<br>March 24, 2000 at 1:30 p.m. |
| | Trial Date: April 24, 2000<br>(JT - 7 to 10 days) |

1. Date of Scheduling Conference.

    May 7, 1999.

2. Appearances of Counsel.

    David P. Dibble appeared on behalf of Plaintiffs.

    Bruce D. Praet appeared on behalf of Defendants.

1

3. The Pleadings

   A. Summary of the Pleadings

   This is an action for damages for the wrongful death of Ronnie Dale Cadwell, Jr., brought by his sole heirs, his parents Ronnie Dale and Linda Cadwell. This action is prosecuted by Linda Cadwell as administrator of his estate due to the allegations of punitive damages. Mr. Cadwell was shot and killed at approximately 4:30 p.m. on January 2, 1998 by Mark Neri, a police officer employed by the City of Ceres. Plaintiffs contend that their son's death was the result of excessive force under the circumstances, that defendants violated their civil rights, and that defendants acted either negligently or wilfully in causing their son's death. Plaintiff's seek monetary damages.

   Defendants deny the allegations of the complaint and allege 31 affirmative defenses including, but not limited to, the reasonableness of the force used in effecting an attempted arrest of Mr. Cadwell, immunity from liability for injuries caused by a person attempting to escape or resist arrest, and various other immunities.

   B. Orders Re Amendment of Pleadings

   No amendments are proposed at this time.

4. Factual Summary

   A. Admitted Facts which are deemed proven without further proceedings.

   (1) Ronnie Dale Cadwell was shot and killed by Mark Neri at approximately 4:30 p.m. on January 2, 1998.

   (2) Mr. Cadwell was 29 years old at the time.

   (3) The incident took place at an apartment complex on the 1900 block of Darrah St. in the City Ceres, which is located south of Modesto in Stanislaus County.

   (4) Officer Neri was employed by the City of Ceres as a police officer and was on duty at the time of the incident.

(5) Ronnie Cadwell had been convicted of second degree burglary and possession of a controlled substance in 1993.

(6) At the time of this incident, Ronnie Cadwell was on parole.

(7) Plainclothes Ceres police detective Jarred Puryear went to the area to arrest Mr. Cadwell for a suspected parole violation.

(8) There was a struggle between the two and Puryear's gun was discharged.

(9) Cadwell then continued in his effort to escape.

(10) Uniformed officer Neri then arrived and shot Cadwell in the back as Cadwell was running away from him.

(11) Neri contends that he believed that Cadwell had taken Puryear's gun after having shot the detective and that he later learned that Cadwell was unarmed and that Puryear had not been shot.

(12) Puryear died on February 11, 1998, as a result of complications stemming from prescribed medications.

B. Contested Facts.

(1) At this time, it is unclear what facts will be contested until further discovery is conducted. Defendants contend that the circumstances justified the use of lethal force against Mr. Cadwell.

5. Legal Issues.

A. Uncontested:

(1) Jurisdiction

(2) Venue

B. Contested:

(1) At this time there do not appear to be any disputes as to the legal issues.

3

6. Consent to the Magistrate Judge.

Pursuant to 28 U.S.C. §636(c) the parties have all consented to conduct of any and all further proceedings in this case, including trial, before the Honorable Dennis L. Beck, U.S. Magistrate Judge. If one is not already on file, they shall file a written stipulation and consent within 15 days of this order.

7. Discovery Plan and Cut-Off Date.

The parties are ordered to complete all discovery pertaining to non-experts on or before October 29, 1999 and all discovery pertaining to experts on or before January 28, 2000.

The parties are directed to disclose all expert witnesses, in writing, on or before December 3, 1999, and to disclose all supplemental experts on or before December 17, 1999. Local rule 26-252(b) notwithstanding, the written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8. Pre-Trial Motion Schedule.

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than January 7, 2000 and heard on or before January 28, 2000. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 5. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court. All Dispositive Pre-Trial Motions shall be filed no later than January 19, 2000 and heard no later than February 18, 2000, before the Honorable Dennis L. Beck, United States Magistrate Judge. In scheduling such motions, counsel shall comply with **Local Rule 230**.

9. Pre-Trial Conference Date.

March 24, 2000 at 1:30 p.m., in Courtroom No. 5 before the Honorable Dennis L. Beck, United States Magistrate Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit an additional copy of their pretrial statement on a 3.5" computer disc formatted for Word Perfect 8.0, directly to Magistrate Judge Beck's chambers. The computer disc will not be returned unless the parties so request and a self addressed stamped mailing container or envelope is provided.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

10. Trial Date

April 24, 2000 at 10:00 a.m., in Courtroom No. 5 before the Honorable Dennis L. Beck, United States Magistrate Judge.

A. This is a jury trial.

5

B. Counsels' Estimate of Trial Time: 7 to 10 days

C. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

11. Settlement Conference

A Settlement Conference is scheduled September 21, 1999 at 1:30 p.m., before the Honorable Lawrence J. O'Neill, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[1] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judges chambers, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

6

prevailing on the claims and defenses; and a description of the major issues in dispute.

        C. A summary of the proceedings to date.

        D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

        E. The relief sought.

        F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial.

    Not applicable at this time.

13. Related Matters Pending

    There are no pending related matters.

14. Compliance with Federal Procedure.

    All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

15. Effect of this Order.

    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached

exhibits. which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

DATED: 5/12/99

_____
DENNIS L. BECK
UNITED STATES MAGISTRATE JUDGE

```
            United States District Court
                      for the
             Eastern District of California
                    May 14, 1999


            * * CERTIFICATE OF SERVICE * *


                              1:98-cv-06451


    Cadwell

        v.

    Cadwell

    _____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 14, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

DLB/LJO

David Perrin Dibble
628 H Street
Eureka, CA   95501

Bruce Daniel Praet
Ferguson Praet and Sherman
1631 E 18th Street
Santa Ana, CA   92705-7101


Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk